Generated: Mar 13, 2026 2:11PM

Filed _____ Received _____ Served on
Counsel/Parties of Record

MAR 1 3 2026

Clerk US District Court
District of Nevada
By:_____ Deputy

Page 1/1

# U.S. District Court

## Nevada None - Reno

Receipt Date: Mar 13, 2026 2:11PM

Kareili I. Peters
661 University Way, Apt. 515 A
Reno, NV 89501

# 3:26-cv-00182

Rcpt. No: 300001299                    Trans. Date: Mar 13, 2026 2:11PM                    Cashier ID: #GA (4815)

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 200 | Civil Filing Fee- Non-Prisoner | | 1 | 405.00 | 405.00 |

| CD | Tender | Amt |
|----|--------|-----|
| CC | Credit Card | $405.00 |

| | |
|---|---|
| Total Due Prior to Payment: | $405.00 |
| Total Tendered: | $405.00 |
| Total Cash Received: | $0.00 |

**Comments**: Filing Fee for new case: 3:26-cv-00182 as to Kareili I. Peters

Only when the bank clears the check, money order, or verifies credit of funds, is the fee or debt officially paid or discharged. A $53 fee will be charged for a returned check.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Karcill I Peters | Amazon.com Services LLC |

**(b)** County of Residence of First Listed Plaintiff *Washoe county, Nevada*
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

*Filed — Received — Entered — Served On Counsel/Parties of Record*

**MAR 1 3 2026**

Clerk US District Court
District of Nevada

Deputy

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karcill I Peters (661) 444-9496 (Pro se)
Reno, Nevada, 661 University Way, 8951
karipeters911@gmail.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability / Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine / [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 380 Other Personal Property Damage | | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | |
| | [ ] 362 Personal Injury - Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | **FEDERAL TAX SUITS** | |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** [ ] 540 Mandamus & Other | **IMMIGRATION** [ ] 462 Naturalization Application | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | |

(LABOR continued)
[ ] 790 Other Labor Litigation
[ ] 791 Employee Retirement Income Security Act

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Employment discrimination in violation of federal civil right laws

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*:
JUDGE _____ DOCKET NUMBER _____

DATE 3/13/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 10/20)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# United States District Court
# District of Nevada – Reno Division

**Kareill I. Peters**
661 University Way, Apt 515A
Reno, NV 89501
karipeters94@gmail.com

3:26-cv-00182

Plaintiff,

v.

**Amazon.com Services LLC**
Amazon Delivery Station DVL3
9740 N Virginia St
Reno, NV 89506

Defendant.



_Filed _Received _Entered _Served On
Counsel/Parties of Record

**MAR 1 3 2026**

Clerk US District Court
District of Nevada
By:_____ Deputy

## Complaint for Employment Discrimination

### I. Jurisdiction
This action arises under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). This Court has jurisdiction under 28 U.S.C. §1331. Venue is proper in this District because the unlawful employment practices occurred in Reno, Nevada.

### II. Parties
Plaintiff Kareill I. Peters is a resident of Reno, Nevada and a former employee of Amazon. Plaintiff has a disability known as C.I.E Ichthyosis.

Defendant Amazon.com Services LLC operates the Amazon Delivery Station DVL3 warehouse located in Reno, Nevada and is an employer within the meaning of federal employment discrimination laws.

### III. Exhaustion of Administrative Remedies
Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The EEOC issued a Notice of Right to Sue on January 5, 2026. Plaintiff has satisfied all administrative prerequisites and has timely filed this lawsuit within the statutory 90■day filing period.

### IV. Statement of Facts
Plaintiff began working at Amazon in approximately September 2024. Shortly after beginning employment, Plaintiff experienced workplace harassment and discrimination. Coworkers spread sexual rumors and made derogatory comments about Plaintiff's appearance and disability.

Plaintiff reported the harassment to management multiple times. Management failed to stop the harassment, and the conduct continued and escalated within the workplace environment.

Plaintiff was later suspended and ultimately terminated after confronting a coworker who initiated the

rumors about Plaintiff.

**Additional Factual Allegations**

Plaintiff repeatedly reported the harassment and discrimination to supervisors and management at Amazon. These reports included complaints about coworkers spreading sexual rumors, making derogatory comments, and creating a hostile work environment.

Defendant Amazon had knowledge of the harassment through Plaintiff's reports to management and internal complaint systems. Defendant maintained internal records, complaint logs, investigation notes, and reports related to these incidents.

Despite receiving these complaints, Defendant failed to take prompt or adequate remedial action to stop the harassment and discrimination.

After Plaintiff complained about discrimination and harassment, Defendant suspended and later terminated Plaintiff. Plaintiff reasonably believes these actions were taken in retaliation for engaging in protected activity.

Much of the documentation related to Plaintiff's complaints, including internal reports, HR records, complaint logs, and investigation materials, are in the possession or control of Defendant and will be obtained during discovery.

**V. Claims for Relief**

**Count I – Disability Discrimination (ADA)**

Defendant discriminated against Plaintiff because of Plaintiff's disability.

**Count II – Hostile Work Environment**

Defendant allowed severe and pervasive harassment creating an abusive work environment.

**Count III – Retaliation**

Defendant retaliated against Plaintiff after Plaintiff complained about discrimination and harassment.

**VI. Damages**

As a result of Defendant's conduct, Plaintiff suffered emotional distress, humiliation, loss of income, and damage to professional reputation. Plaintiff seeks compensatory damages, punitive damages where permitted by law, back pay, front pay, and other relief the Court deems just and proper.

**VII. Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

Kareill I. Peters
Plaintiff, Pro Se

Signature: _____
Date: _____

# Civil Cover Sheet (JS■44)

Plaintiff:                          Kareill I. Peters

Defendant:                       Amazon.com Services LLC

Basis of Jurisdiction:        Federal Question

Nature of Suit:                  442 – Civil Rights Employment

Cause of Action:              Title VII / ADA Employment Discrimination

Jury Demand:                   Yes


Signature: _____

Date: _____

## Exhibit A – EEOC Notice of Right to Sue

Insert the EEOC Notice of Right to Sue dated January 5, 2026 here.

## Application to Proceed In Forma Pauperis

Attach your completed Application to Proceed In Forma Pauperis form here.

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

San Francisco District Office
450 Golden Gate Avenue 5 West, PO Box 36025
San Francisco, CA 94102
(650) 684-0910
Website: www.eeoc.gov

## <u>DETERMINATION AND NOTICE OF RIGHTS</u>
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

### Issued On: 01/05/2026

**To:** Miss Kareill I. Peters
661 University Wy 515A
RENO, NV 89501
Charge No: 550-2025-00688

**3:26-cv-00182**

EEOC Representative and email:    David Brannen
Senior Investigator
David.Brannen@EEOC.gov

---

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 550-2025-00688.

On behalf of the Commission,

*Scott Doughtie*

**For:**                Christopher Green
District Director

**Cc:**
Laura Goldstein
Amazon, Inc. c/o Littler Mendelson, P.C.
2301 McGee Street Suite 700
Kansas City, MO 64108

NA NA
9740 N Virginia St.
Reno, NV 89506

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law.** If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal.** You should **keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 550-2025-00688 to the District Director at Christopher Green, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 550-2025-00688 to the District Director at Christopher Green, 450 Golden Gate Avenue 5 West PO Box 36025, San Francisco, CA 94102.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

### NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA)

The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at: http://www.eeoc.gov/laws/types/disability_regulations.cfm.

### "Actual" disability or a "record of" a disability

If you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability:

- ✓ **The limitations from the impairment no longer must be severe or significant** for the impairment to be considered substantially limiting.

- ✓ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.

- ✓ **Only one** major life activity need be substantially limited.

Enclosure with EEOC Notice of Closure and Rights (05/25)

- ✓ Except for ordinary eyeglasses or contact lenses, the beneficial effects of **"mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

- ✓ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**

- ✓ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

## "Regarded as" coverage

An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

- ✓ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

- ✓ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively **both** transitory (lasting or expected to last six months or less) **and** minor.

- ✓ A person is not able to bring a failure to accommodate claim **if** the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.